IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY STICKNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-13-484-D |
| | ) |
| QWEST CORP., | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Plaintiff, who appears *pro se*, initiated this action by filing a Complaint on May 13, 2013, and an Amended Complaint on July 5, 2013. On July 12, 2013, Plaintiff paid the necessary filing fee to proceed with his action. Upon examination, the Court finds Plaintiff's pleadings fail to satisfy federal pleading requirements.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Padrus*, 551 U.S. 89, 93-94 2200 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

First, Plaintiff fails to allege any basis for federal subject matter jurisdiction.[1] Both the Complaint and the Amended Complaint consist of an enumerated list of legal theories accompanied

---

[1] "Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Further, "[f]ederal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge by any party." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

by a narrative statement of events during Plaintiff's alleged three-month period of employment by Qwest Corp. in Dubuque, Iowa, during 2012.[2] It appears that Plaintiff seeks to pursue various common law tort claims against his former employer, such as negligence, libel, intentional infliction of emotional distress, and fraud.[3] Assuming Plaintiff wishes to proceed under federal diversity jurisdiction, neither his Complaint nor the Amended Complaint contain any factual allegations that would establish the citizenship of the parties, or would suggest that the amount in controversy satisfies 28 U.S.C. § 1332(a).[4]

In addition, Plaintiff's pleadings fail to provide fair notice of his claims against Defendant. As state above, Plaintiff simply recites alleged facts regarding the conduct of certain individuals during Plaintiff's employment by Defendant and provides a list of legal tort theories, some of which appear to be duplicative of one another and many of which have no apparent connection to the factual narrative.[5]

In short, Plaintiff's operative pleading does not comply with Rule 8(a) and fails to provide fair notice of a claim within this Court's jurisdiction. In light of his *pro se* status, Plaintiff will be permitted an additional opportunity to amend his pleading. Nevertheless, Plaintiff is cautioned that a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v.*

---

[2] The Amended Complaint is simply a duplicate of the original with two handwritten additions to the list of legal theories.

[3] The list also includes "Discrimination/Hostile work environment" and "Retaliation," but nothing in the attached narrative suggests a federally protected employee group.

[4] Plaintiff concludes his narrative statement with a prayer for an undetermined amount of damages.

[5] Plaintiff generally complains that he was treated harshly and unfairly by two supervisors and a manager and that his union steward refused to file a grievance on his behalf.

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

    IT IS THEREFORE ORDERED that Plaintiff shall file a second amended complaint that complies with Rule 8(a) not later than July 29, 2013.  Failure to comply with this Order may result in the dismissal of this case without prejudice to refiling.

    IT IS SO ORDERED this 15th day of July, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE